1  Eric Fagan SBN 87071
2  Law Offices of Eric F. Fagan
   2300 Boswell Rd. Suite 211
3  Chula Vista, CA  91914
4  efagan@efaganlaw.com
   Phone: 619-656-6656; Fax: 775-898-5471
5  Attorney for Plaintiffs BERNARD and SIMONE LEBLANC

FILED

'08 MAY 28  AM 9:03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____  DEPUTY

6

7

8
                    UNITED STATES DISTRICT COURT
9                   SOUTHERN DISTRICT OF CALIFORNIA
10
                                          '08 CV 0936 J RBB
11  BERNARD LEBLANC, an individual; and    ) Civil Case No.:
    SIMONE LEBLANC, an individual,         )
12                                         )
                                           ) COMPLAINT FOR DAMAGES AND
13          Plaintiffs,                    ) DEMAND FOR
                                           ) JURY TRIAL (Unlawful Debt
14  v.                                     ) Collection Practices)
                                           )
15                                         )
16  QUICK LOAN FUNDING INC., a             )
    corporation; JOE SEMANN, an individual;)
17  GRP FINANCIAL SERVICES CORP, a         )
18  corporation;  and  DOES 1 through 20   )
    Inclusive,                             )
19                                         )
20          Defendants.                    )
                                           )
21  _____   )

22

23                          I. INTRODUCTION
24      1.  This is an action for damages brought by individual consumers against
25  Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.
26  ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act")
27  both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair
28  practices.

                                    1

2.  "Home ownership is the foundation of the American Dream. Dangerous mortgages have put millions of families in jeopardy of losing their homes." **CNN Money**, September 26, 2007.

3.  "Finding ways to avoid preventable foreclosures is a legitimate and important concern of public policy. High rates of delinquency and foreclosure can have substantial spillover effects on the housing market, the financial markets and the broader economy. Therefore, doing what we can to avoid preventable foreclosures is not just in the interest of the lenders and borrowers. It's in everybody's best interest. " **Ben Bernanke**, Federal Reserve Chairman, May 9, 2008.

4.  In recent years, mortgages with hidden interest rates and explosive payments have meant quick profits for brokers and lenders. Many families find their payments increasing substantially which puts them at severe risk of losing their homes. Because home values have slumped, most are unable to refinance.  Unless they have relatives to move in with, these same families face difficulty renting; large numbers will end up living on the streets or in their cars.

5.  "Predatory loans are characterized by . . . unnecessary provisions that do not benefit the borrower, . . . large prepayment penalties, and underwriting that ignores a borrower's repayment ability.

6.  "Predatory lenders look for people who . . . are not adept in financial matters and lack the financial sophistication to scrutinize loans." **James H. Carr**, Senior Vice President, Fannie Mae Foundation, *Predatory Lending: An Overview 2001.*

7.  "Most of these homeowners could avoid foreclosure if present loan holders would modify the existing loans by lowering the interest rate and making it fixed, capitalizing the arrearages, and forgiving a portion of the loan. The result would benefit lenders, homeowners, and their communities**." CNN Money**, id.

8.  On behalf of President Bush, Secretary Paulson has encouraged lenders to voluntarily freeze interest rates on adjustable-rate mortgages.  Mark Zandi, chief economist for Moody's commented, "There is no stick in the plan. There is a significant number of

investors who would rather see homeowners default and go into foreclosure." **San Diego Union Tribune**, December 24, 2007.

9.  By and large, loan holders pay only lip service to the Bush-Paulson voluntary plan. While most of them offer loan modification assistance, the terms and conditions they would impose on homeowners is of little or no help.  The majority of loan holders rush to foreclosure, often incurring immediate losses of hundreds of thousands of dollars. "Fewer than 1% of homeowners have experienced any help from the Bush-Paulson plan." **San Diego Union Tribune**, id.

10.  Plaintiffs Bernard and Simone LeBlanc have been ensnared in a predatory loan of the kind mentioned above. The impending foreclosure was avoidable, yet defendants denied him the assistance envisioned by Mr. Bernanke.

## II. JURISDICTION AND VENUE

11.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

12. Plaintiffs are, and at all times relevant, were individuals residing at 908 Stefas Court, Chula Vista, CA 91911 (the "Plaintiff's Home").

13.  Defendant **QUICK LOAN FUNDING, INC.** is and at all times relevant was a corporation doing business in the County of San Diego, State of California, and operating from an address at 3121 Michelson Drive, #300, Irvine, CA 92612.

14. Defendant **JOE SEMAAN** is and at all times was a "senior loan officer" of QUICK LOAN FUNDING.

15. Defendant **GRP FINANCIAL SERVICES CORP.** is and at all times relevant was a corporation doing business collecting debts in the County of San Diego, State of

1  California, and operating from an address at 360 Hamilton Ave, 5th Floor, White Plains, NY

2  10601.

3      16. Defendant GRP Financial and Does 1 through 10 are engaged in the collection

4  of debts from consumers using the mail and telephone. Defendants regularly attempt to

5  collect consumer debts alleged to be due to another. Defendants are "debt collectors" as

6  defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil

7  Code 1788.2(c).

8      17. Defendants are all entities or individuals who contributed to or participated in,

9  or authorized the acts or conspired with the named Defendants to commit the acts and do the

10  things complained of which caused the injuries and damages to Plaintiffs as set forth below.

11  Each of the parties, named and fictitious, acted as principal and agent, each of the other, and

12  combined and concurred each with the other in committing acts that injured the Plaintiffs.

13      18. **DOE 1** is an unknown entity that presently holds the Loan that is the subject of

14  this action.

15      19. The true names and capacities, whether individual, corporate (including officers

16  and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through

17  20, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such

18  fictitious names. Plaintiffs are informed and believe, and allege that each Defendant

19  designated as a DOE is involved in or is in some manner responsible as a principal,

20  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or

21  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and

22  thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when

23  the true names and capacities of these DOE Defendants are ascertained, they may be

24  inserted in all subsequent proceedings, and that this action may proceed against them under

25  their true names.

26      20. Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. 1692a(3).

27      21. The purported debt that Defendants attempted to collect from Plaintiffs was a

28  "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

22. Plaintiffs are "debtors" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

23. The purported debt which Defendants attempted to collect from Plaintiffs was "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS
### *Obtaining the Loan*

24. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

25. Plaintiff Bernard LeBlanc is a courier for FedEx.  He holds a second job as a private security guard on weekends. Plaintiff Simone LeBlanc works as a customer associate for AT&T. Plaintiffs live with their two young children, ages nine and six.  Neither is versed in other than basic financial matters.

26. Plaintiffs purchased their first home, the subject of this action, in March 2002.

27. In June 2004, Plaintiffs contacted defendant QUICK LOAN and spoke with JOE SEMAAN.

28. Plaintiffs told SEMAAN they were looking to refinance a previous loan to lower mortgage payments.

29. Plaintiffs and Defendant QUICK LOAN had agreed to a loan of $508,000.

30. After Plaintiffs' previous lender indicated the refinance was too low, QUICK LOAN told Plaintiffs they had to redo the Loan at $522,000.

31. Defendant SEMAAN assured Plaintiffs they could refinance in three months to lower payments.

32. Because of this representation, Plaintiffs felt that redoing the loan would not present a problem in the future.

33. On December 1, 2004, QUICK LOAN sold or otherwise transferred the

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  ownership of the loan to an unknown entity, Option One.

2      34.  After Plaintiffs' loan was transferred to Option One, Plaintiffs contacted

3  SEMAAN inquiring as to the effect of the transfer on the possibility of refinancing the Loan.

4      35. Defendant SEMAAN reassured Plaintiffs that the transfer "will not be a

5  problem" for them to refinance.

6      36.  In January 2005, Plaintiffs were unable to refinance the Loan, neither through

7  Option One nor QUICK LOAN despite SEMAAN's assurances.

8      37.  Option One had told Plaintiffs they had not had the loan long enough to

9  refinance.

10      38.  SEMAAN did not verify Plaintiff's statement of income.

11      39.  Plaintiffs allege on information and belief that SEMAAN falsified Plaintiffs'

12  income for purposes of qualifying Plaintiffs for the loan by stating Plaintiff Bernard's "take-

13  home" income as around $9,000 a month when in fact it was closer to $4,000.

14      40. Plaintiffs allege on information and belief that SEMAAN again falsified and

15  increased Plaintiff Bernard's "take-home" income to $10,000 a month about a week later.

16      41.  SEMAAN did not make a determination of whether Plaintiffs would be able to

17  make the payments as specified in the loan.

18      42.  At the loan closing, a notary public visited Plaintiffs' home and presented

19  numerous documents for their signatures.

20      43.  The notary obtained Plaintiffs' signatures on all documents in approximately

21  thirty minutes.

22      44.  Plaintiffs felt rushed into signing the documents, as they had various questions

23  which the notary could not answer; while they attempted to review the documents, the

24  arcane language was foreign to them.

25      ***Plaintiffs' Efforts to Obtain a Loan Modification***

26      45. From the time the Plaintiffs took out the loan, the monthly payments increased

27  from $4,013.73 to $5,521.16 .

28      46.  In January 2005, Plaintiffs recognized they could no longer pay the increased

1    payments on the Loan and stopped making payments. Since Option One had denied
2    Plaintiffs' request to refinance the loan, Plaintiffs contacted QUICK LOAN and asked if
3    they could help.

4        47. QUICK LOAN stated that it could not help Plaintiffs, as it had transferred the
5    loan.

6        48. QUICK LOAN never explained why Plaintiffs had to redo the loan after it had
7    closed.

8        49. SEMAAN falsely represented to Plaintiffs that they would get "refinanced after
9    three months of closing" or words to that effect, to reduce the payment on the Loan off.

10        50. OPTION ONE had represented that it would help homeowners having
11    difficulty meeting their loan payments by modifying loans on behalf of various loan holders
12    whose loans OPTION ONE serviced.

13        51. To this end, OPTION ONE established and staffed a Forbearance Department.

14        52. In January of 2005, Plaintiff contacted OPTION ONE's Forbearance
15    Department, without result.

16        53. Over the following months, Plaintiff called numerous lenders for financial
17    assistance.

18        54. Each lender refused to assist because Plaintiffs had fallen too far behind in
19    payments.

20        55. On or about September 29, 2005, Plaintiff Bernard's Grandmother passed
21    away.  Bernard assumed the costs associated with the funeral and estate debt.

22        56. In September 2005, Plaintiff Simone underwent surgery for tendonitis and did
23    not go back to work until May 2006.

24        57. Despite her doctor's orders to the contrary, from May to June of 2006, Simone
25    worked at her job half days to help alleviate Plaintiffs' desperate financial situation.

26        58. Because of a recurrence of her tendonitis Simone had to miss work from July to
27    September of 2006.

28        59. Simone did not get back to full-time employment until mid-September 2006.

60. While off work, Plaintiff Simone received no money from her company and was only compensated through State disability pay which caused Plaintiffs to fall further behind in debt.

61. In October, 2005 Plaintiffs engage the services of a bankruptcy attorney to alleviate their financial plight.

62. In March, 2006 Plaintiffs learned that the bankruptcy attorney had filed their paperwork incorrectly and that his services were thus of no value.

63. Plaintiffs hired a different bankruptcy attorney.

64. In April 2007, Plaintiff Simone declared bankruptcy.

65. By June 2007, Plaintiffs had two mortgages and bankruptcy payments that were too high for them to pay leading them to their present situation.

66. On September 21, 2005 defendants caused a Notice of Default to be recorded against Plaintiff's property; in January of 2006, Defendants recorded a Notice of Sale and later set a public auction of Plaintiffs' home for February 14, 2008.

67. The sale was postponed and Plaintiffs' attorneys attempted to negotiate to modify the loan terms.

68. On or about April 17, 2008, Plaintiffs' attorneys contacted Defendant GRP to request a loan modification to no avail.

69. Plaintiffs' attorneys contacted Defendant GRP various times afterwards and received no assistance in modifying the Loan.

70. On one occasion, Defendant GRP's attorney stated that "There can be no modification because Plaintiffs had declared bankruptcy," or words to that effect.

71. As a result of the acts of the defendants described above, Plaintiffs suffered from severe depression, lack of sleep, and emotional distress.

## V. FIRST CLAIM

### (Against Defendant GRP Financial, and DOES 10 through 20
### For Violation of the FDCPA)

72. Plaintiffs repeat, reallege, and incorporate by reference all the foregoing

paragraphs.

73. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)   The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

    (b)   The Defendants violated 15 U.S.C. § 1692e(10) by using deceptive means to collect or attempt to collect a debt from the Plaintiffs;

    (c)   The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

    (d)   The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law;

## VI. SECOND CLAIM

### (Against All Defendants For Violation of the Rosenthal Act)

74. Plaintiffs repeat, reallege, and incorporate by reference all the foregoing paragraphs.

75. Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)   The Defendants violated California Civil Code §1812.700 by failing to include the notice required by this section.

    (b)   The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

## VII. THIRD CLAIM

### (Against all Defendants For Breach of Fiduciary Duty)

76.  Plaintiffs repeat, reallege, and incorporate by reference all the foregoing

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1 | paragraphs.

2 |      77. Because of the complexity of the terms of the loan and Plaintiffs' lack of

3 | financial sophistication, the Defendants owed to Plaintiffs a fiduciary duty to make the

4 | fullest disclosure of all material facts that might affect Plaintiffs' interest in entering into the

5 | loan transaction described above.

6 |      78. The Defendants breached their fiduciary duties by the misrepresentations and

7 | failures to disclose as described above.

8 |      79. The Defendants so acted in order to gain financial advantage to themselves,

9 | which in fact occurred.

10 |      80. The DOE defendants knew or should have known of Defendants' breaches of

11 | duty.

12 |      81. Defendants' breaches of their fiduciary duty have damaged Plaintiffs in an

13 | amount to be determined at time of trial.

14 |

15 | **VIII. FOURTH CLAIM**

16 | **(Against all Defendants For Constructive Fraud)**

17 |      82. Plaintiffs repeat, reallege, and incorporate by reference all the foregoing

18 | paragraphs.

19 |      83. Defendants breached their fiduciary duty to Plaintiffs as described above with

20 | the intent to deceive Plaintiffs.

21 |      84. Plaintiffs relied on Defendants to make full and accurate disclosure of all the

22 | facts of the terms of the Loan.

23 |      85. As a result of Defendants' breach of fiduciary duty, Plaintiffs have been

24 | damaged in an amount to be determined at trial.

25 |

26 | **IX. FIFTH CLAIM**

27 | **(Against all Defendants For Fraud)**

28 |      86. Plaintiffs repeat, reallege, and incorporate by reference all the foregoing

1  paragraphs.

2      87. The Defendants made misrepresentations and failures to disclose as described

3  above were made with the intent to induce Plaintiffs to obligate themselves on the Loan in

4  reliance on the integrity of the Defendants.

5      88. Plaintiffs were ignorant of the facts which Defendants misrepresented and

6  failed to disclose.

7      89. Had Plaintiffs been aware, Plaintiffs would not have accepted the Loan, as they

8  did, had they known the true facts about its terms.

9      90. As a proximate result of Defendants' fraud, Plaintiffs have suffered damage in

10  an amount to be determined at trial.

11      91. The acts of the defendants constituted despicable conduct that subjected

12  Plaintiffs to severe emotional distress and hardship in a conscious disregard of Plaintiffs'

13  rights, so as to justify an award of exemplary damages.

14

15  ### X. SIXTH CLAIM

16  **(Against all Defendants For Breach of**

17  **Covenant of Good Faith and Fair Dealing)**

18      92. By accepting the Defendants offer to modify Plaintiffs' Loan, Defendants and

19  Plaintiffs impliedly covenanted to act in good faith and to deal fairly with each other.

20      93. The Defendants breached this covenant by the acts stated above.

21      94. Plaintiffs have suffered damage as a result of Defendants' breach in an amount

22  to be determined at time of trial.

23      95. DOE 1 knew or should have known that GRP as its agent engaged in the  acts

24  and omissions as alleged above.

25      96. DOE 1 failed to exercise supervision and oversight over GRP.

26      97. Plaintiff is entitled to damages as a result of  GRP's wrongful conduct as

27  alleged above.

28  ////

# XI. SEVENTH CLAIM

## (Against all Defendants For Unfair and Deceptive Acts and Practices)

98. Plaintiffs repeat, reallege, and incorporate by reference all the foregoing paragraphs.

99. The acts above constitute unfair and deceptive acts as delineated by CA Business and Professions Code §17200 et seq.

100. In the event that Defendants conduct a trustee's sale of Plaintiff's property, it will be because of the acts described above; Plaintiff will seek cancellation of the foreclosure sale and restitution of his home.

# XII. REQUEST FOR RELIEF

Plaintiff respectfully requests that judgment be entered against GRP FINANCIAL, and Does 1 through 10 inclusive and each of them for the following:

1. For exemplary and punitive damages.

And against all Defendants for the following:

2. Actual damages;

3. Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

4. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

5. Cancellation of the foreclosure sale of Paintiffs' home and restitution of the home to the Plaintiffs; and

6. For such other and further relief as the Court may deem just and proper.

Dated: 5/27/08

Eric F. Fagan,
Attorney for Plaintiffs

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| BERNARD LEBLANC, an individual; and SIMONE LEBLANC, an individual | QUICK LOAN FUNDING INC., a corporation; JOE SEMANN, an individual; CRP FINANCIAL SERVICES CORP, a |

08 MAY 28 AM 9: 03
SOUTHERN DISTRICT COURT

**(b)** County of Residence of First Listed Plaintiff   San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.        DEPUTY

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Eric Fagan (SBN 87071) Law Offices of Eric F. Fagan, 2300 Boswell Rd. Suite 211 Chula Vista, CA  91914 Ph 619-656-6656

Attorneys (If Known)

'08 CV 0936  J  RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1692 Various violations of the Fair Debt Collections Practices Act.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE  5/28/08

SIGNATURE OF ATTORNEY OF RECORD  _____

**FOR OFFICE USE ONLY**

RECEIPT # 15285   AMOUNT $350—   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

RB 05/28/08

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151285        -- MB

May 28, 2008
08:59:23

Civ Fil Non-Pris
USAO #.: 08CV0936 CIVIL FILING
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC2004

Total-> $350.00

FROM: BERNARD LEBLANC AND SIMONE
      LEBLANC VS QUICK LOAN FUNDING